**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ONE WEST BANK, FSB,**

                       **Plaintiff,**

           v.                                                  1:13-CV-1055
                                                                           (FJS/RFT)

**LARA M. DAVI; BALLSTON SPA
NATIONAL BANK;[1] and JOHN DOE NO. 1
through JOHN DOE NO. 10, inclusive, the names
of the last 10 defendants being fictitious, the true
names of said defendants being unknown to Plaintiff,
it being intended to designate fee owners, tenants
or occupants of the mortgaged premises, etc.,**

                       **Defendants.**

---

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **WINDELS MARX LANE<br>& MITTENDORF, LLP**<br>156 West 56th Street<br>New York, New York 10019<br>Attorneys for Plaintiff | **JAMES D. GREENHALGH, ESQ.<br>ROBERT G. WILK, ESQ.** |
| **LEWIS & STANZIONE, ESQS.**<br>287 Main Street<br>P.O. Box 383<br>Catskill, New York 12414<br>Attorneys for Defendant Davi | **RALPH C. LEWIS, JR.** |

**SCULLIN, Senior Judge**

---

[1] According to the complaint, Ballston Spa National Bank is a Defendant in this action because it "has an interest in the Mortgaged Property as a judgment creditor." *See* Dkt. No. 1 at ¶ 5.

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff commenced this action against Defendants on August 27, 2013, seeking to foreclose a mortgage encumbering property improved by a single family dwelling, located at 16 Marshall Street, Albany New York. *See* Dkt. No. 1 at ¶ 1. Plaintiff filed a Notice of Pendency of Action with the Albany County Clerk on August 27, 2013, and filed that document in this Court on October 7, 2013. *See* Dkt. No. 7. Defendant Davi is the owner of the mortgaged property. *See id.* at ¶ 4. Since the parties to this suit are citizens of different states, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

On January 31, 2014, Plaintiff filed a motion seeking the following relief: (1) an Order granting summary judgment against Defendant Davi and striking her answer; (2) an Order appointing a special master, pursuant to Rule 53 of the Federal Rules of Civil Procedure and directing said special master to ascertain and compute the amounts due Plaintiff under the mortgage being foreclosed in this action and to examine and report whether the mortgaged property can be sold in one parcel; and (3) an Order amending the caption to excise Defendants John Doe No. 1 through John Doe No. 10 and discontinuing the action against them without prejudice. *See* Dkt. No. 16. Defendant Davi did not file any opposition to this motion.

**II. BACKGROUND**

On May 31, 2007, Defendant Davi executed and delivered a promissory note ("Note") to Quicken Loans, Inc., it successors and/or assigns, evidencing a loan in the amount of $128,000.00 and providing for the monthly payment of principal and interest, beginning on

August 1, 2007, with payment of the unpaid principal balance due on July 1, 2037, unless due earlier because of default or acceleration. *See* Plaintiff's Statement of Material Facts at ¶ 5 (citing Complaint at ¶ 11, 16); Affirmation of Robert G. Wilk ("Wilk Aff.") dated January 30, 2014, at Exhibit "A" attached thereto). On May 31, 2007, Defendant Davi executed and delivered a mortgage ("Mortgage") to Quicken Loans, Inc., its successors and/or assigns, securing payment of the Note. *See id.* at ¶ 6 (citing Complaint at ¶ 12); Wilk Aff. at Exhibit "A" attached thereto. The mortgage was duly recorded in the Albany County Clerk's Office on June 15, 2007, Document Number 9977576, Book 5492, Page 419, and the requisite mortgage recording tax and all other fees were duly paid thereon. *See id.* at ¶ 7 (citing Complaint at ¶ 13). On August 13, 2011, the Note and Mortgage were assigned to Plaintiff and, to date, have not been otherwise assigned. *See id.* at ¶ 8 (citing Complaint at ¶ 14); Wilk Aff. at Exhibit "A" attached thereto. Pursuant to the Note and Mortgage, Plaintiff has the right to accelerate the entire principal amount outstanding and accrued interest if any installment is not made when due. *See id.* at ¶ 9 (citing Complaint at ¶¶ 17-18). Defendant Davi defaulted under the terms of the Note and Mortgage by failing to pay $1,159.58 due on December 1, 2012, and further failing to pay all sums due thereafter. *See id.* at ¶ 10 (citing Complaint at ¶ 19).

On March 14, 2013, Plaintiff sent Defendant a ninety (90) day pre-foreclosure notice pursuant to New York Real Property and Procedure Law, *see id.* at ¶ 11 (citing Complaint at ¶ 20), Wilk Aff. at Exhibit "F" attached thereto; and a notice of default on the Mortgage, *see id.* at ¶ 13 (citing Complaint at ¶ 22), Wilk Aff. at Exhibit "H." On March 18, 2013, Plaintiff made a filing with the New York State Department of Financial Services pursuant to New York Real Property and Procedure Law § 1306. *See id.* at ¶ 12 (citing Complaint at ¶ 21); Wilk Aff. at

-3-

Exhibit "G" attached thereto. At the time of the commencement of this action, the unpaid principal sum underlying the Note and Mortgage totaled $140,352.55. *See id.* at ¶ 16 (citing Complaint at ¶¶ 8(b), 25). Plaintiff has not commenced any other action for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage. *See id.* at ¶ 18 (citing Complaint at ¶ 28). As of June 21, 2013, the amount due and owing pursuant to the Note and Mortgage was $147,277.58, including unpaid principal balance, interest, accumulated late charges and recoverable balance. *See id.* at ¶ 19 (citing "Notice Pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. 1692 As Amended" annexed to the Complaint).

### III. DISCUSSION

**A.     Standard of review**

"Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)) (other citation omitted). Where, as in this case, the motion for summary judgment is not opposed, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the movant establishes a *prima facie* entitlement to summary judgment, "the burden shifts to the non-movant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) (citations omitted). "'Conclusory

allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact.'" *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998)).

**B.     Mortgage foreclosure actions under New York law**

"In a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case with summary judgment appropriate if nothing else is shown where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *Eastern Savings Bank, FSB v. Bright*, No. 11-cv-1721, 2012 WL 2674668, *3 (E.D.N.Y. July 5, 2012) (citations omitted); *see also Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 WL 3463142, *2 (E.D.N.Y. Aug. 30, 2010) (stating that, "'[u]nder New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note.'" (quotation omitted)). "[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant." *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991).

In this case, Plaintiff has submitted copies of the Note and Mortgage executed by Defendant Davi, as well as an affidavit from Elizabeth Wright with knowledge of Defendant Davi's failure to make the loan payments that the Note requires. *See* Wilk Aff. at Exhibit "A" attached thereto; Affidavit of Elizabeth Wright ("Wright Aff.") dated December 2, 2013.

Accordingly, the Court finds that Plaintiff has established its *prima facie* case.

Although Defendant Davi filed an answer, she asserted only general denials and no affirmative defenses. Specifically, she "denies each and every allegation contained in paragraphs 19, 23, 25 and 30 of the complaint." *See* Dkt. No. 6, Answer, at ¶ 2. These paragraphs allege as follows:

> ¶ 19. Defendant Lara M. Davi failed to comply with the terms and provisions of the Note and Mortgage by failing to make the payment of $1,159.58 due on December 1, 2012, comprising principal, interest, and other sums required by the Note and Mortgage to be paid monthly, and by failing to make all payments due thereafter. Such default continues through the date of this Complaint, uncured and unabated.
>
> ¶ 23. The default alleged above constitutes defendant Lara M. Davi's failure to keep her promises and agreements made in the Note and Mortgage, and has not been cured.
>
> ¶ 25. There is now due and owing to Plaintiff the unpaid principal sum of $140,352.55 plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.
>
> ¶ 30. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:
>
>> a. Any state of facts that an inspection of the Mortgaged Property would disclose;
>> b. The state of facts that surveys of the Mortgaged Property might disclose;
>> c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
>> d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;

    e. Building and zoning ordinances of the
    municipalities in which the Mortgaged Property is
    located and possible violations of same;
    f. All rights of tenants or persons in possession of
    the Mortgaged Property other than tenants, if any,
    named as defendants in this action;
    g. Any equity of redemption of the United States of
    America, to redeem the Mortgaged Property or any
    part thereof after the date or sale; and
    h. Prior liens of record prior to the Mortgage, if any.

*See* Dkt. No. 1 at ¶¶ 19, 23, 25, and 30.[2]

  Defendant Davi's general denials to paragraphs 19, 23 and 25, appear to indicate that she challenges both the fact that she is in default and the amount due and outstanding under the Note and Mortgage. Therefore, the Court denies Plaintiff's motion to strike Defendant Davi's answer. However, because Defendant has not submitted any documentary evidence that would raise an issue of fact precluding summary judgment in this action regarding the issue of default, the Court grants Plaintiff's motion for summary judgment with regard to the issue of liability.

**C.**  **Amendment of the caption**

  Plaintiff seeks to amend the caption of this action to "excise defendants John Doe No. 1 through John Doe No. 10 and discontinue the action as against them, all without prejudice to any of the proceedings heretofore had herein." *See* Dkt. No. 16. There is no need to amend the caption. However, the Court will dismiss this action against Defendants John Doe No. 1 through John Doe No. 10 without prejudice.

---

[2] The Court notes that there is nothing in paragraph 30 for Defendant Davi to deny. Furthermore, the Court finds it strange that the last paragraph of her answer provides that "plaintiff demands judgment dismissing the complaint, together with the costs and disbursements of this action." *See* Dkt. No. 6.

**D.     Appointment of a Special Master**

Plaintiff asks this Court to appoint a special master and to direct said special master "to ascertain and compute the amounts due Plaintiff under the mortgage being foreclosed in this action and to examine and report whether the mortgaged property can be sold in one or more parcels." *See* Dkt. No. 16.[3] The Court sees no need, at this time, to appoint a Special Master. Rather, the Court will refer this matter to Magistrate Judge Treece to make the necessary determinations and to submit a report-recommendation to this Court for its review.

## IV. CONCLUSION

Having reviewed the entire record in this matter and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for summary judgment with respect to liability is **GRANTED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Treece to conduct any proceedings necessary to ascertain and compute the amounts due Plaintiff under the mortgage being foreclosed in this action and, if necessary, to examine and report whether the mortgaged property can be sold in one or more parcels and to submit a report-recommendation to this Court for its review; and the Court further

**ORDERS** that Plaintiff's motion to strike Defendant Davi's answer is **DENIED**; and the Court further

---

[3] It is not clear to the Court that it will be necessary to determine whether the subject property should be sold in one or more parcels given Ms. Wright's statement that, "[b]ecause the Property consists of a single lot, it should be sold as one parcel." *See* Wright Aff. at ¶ 13.

**ORDERS** that Plaintiff's motion to amend the caption is **DENIED**; however, Plaintiff's motion to dismiss this action, without prejudice, against Defendants John Doe No. 1 through John Doe No. 10 is **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 30, 2014
       Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge